NOT DESIGNATED FOR PUBLICATION

No. 129,276

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WESLEY COPELAND SR.,
*Appellant*,

v.

CITY OF SEDAN and
KANSAS DEPARTMENT OF ADMINISTRATION,
*Appellees*.

MEMORANDUM OPINION

Appeal from Chautauqua District Court; F. WILLIAM CULLINS, judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed.

*Wesley G. Copeland Sr.*, appellant pro se.

*Makenzie R. Fankhauser* and *Lynette R. Bakker*, of Kansas Department of Administration, for appellee Kansas Department of Administration.

No appearance by appellee City of Sedan.

Before WARNER, C.J., SCHROEDER, J., and JASON E. GEIER, District Judge, assigned.

PER CURIAM: Wesley Copeland Sr. timely appeals the district court's dismissal of his petition for judicial review of an administrative order. In dismissing the petition for judicial review, the district court found it lacked subject matter jurisdiction under K.S.A. 75-6207(d) and Copeland also failed to state a claim under which relief could be granted under K.S.A. 60-212(b)(6). After a review of the record, we agree Copeland's petition failed to state a claim under which relief could be granted, and we affirm.

1

On July 9, 2024, the Kansas Department of Administration's Setoff Program (Department)—on behalf of the City of Sedan (City)—issued a setoff order to seize funds due the City from the payment of a lost property claim against the Kansas Department of Corrections. The total amount of Copeland's alleged debt to the City was $72.16, and the amount of the setoff payment seized was $6.43.

The setoff order was apparently not delivered to Copeland until August 2, 2024. The order noted Copeland, as the debtor, had the right to request a hearing and appeal the validity of the debt within 15 days of the setoff order, but Copeland claims he received the order after the 15-day window had passed. The order stated: "Failure to request a hearing within the 15 day period will be deemed a waiver of the opportunity to contest the validity of the debt amount causing final setoff by default."

The Department then issued an order denying Copeland's request for a hearing to appeal the validity of the debt claimed by the City. The order stated the Setoff Program received his request for appeal outside of the timeline allowed per K.S.A. 75-6206. And since Copeland missed the deadline to file a timely appeal, "the appeal request has been denied." The order was dated August 9, 2024, but it had a handwritten notation reflecting it was received on August 16, 2024.

On September 10, 2024, Copeland filed a petition for judicial review of the order in the district court pursuant to K.S.A. 77-601 et seq., to challenge the validity of the debt setoff. The petition named the City as a respondent, but it alleged the Department was acting on behalf of the City in the action. The petition alleged service was made by mail on the Department, the City of Sedan Water/Sewer Department, and the City.

Copeland mailed a copy of his petition without a file stamp to the Department. Upon receipt, an attorney with the Office of the Chief Counsel of the Department mailed a letter to Copeland refusing service on September 11, 2024. Copeland then filed a

motion to show proof of service and establish personal jurisdiction of the secretary of administration, file stamped September 23, 2024. The case caption showed the respondent was "City of Sedan, et al." In this motion, Copeland asked the district court to find personal jurisdiction over the Secretary of Administration and the Department. On October 17, 2024, Copeland filed a "Notice to Chautauqua County Court Clerk per [Supreme Court] Rule 112," providing the addresses of the Secretary of Administration, City of Sedan Water/Sewer Department, and the City for service.

In a motion to take judicial notice of K.S.A. 75-6214, pursuant to K.S.A. 60-409, Copeland claimed he filed a written request to the Director of the Setoff Program on August 2, 2024, requesting a hearing to appeal the validity of the debt. This written request is not included in the record on appeal, but the Department acknowledged that a written request was made. But there is no indication in the record the request was made pursuant to K.S.A. 75-6214 in the petition for judicial review.

The Department's Chief Counsel filed an entry of appearance on October 18, 2024. The record does not show the City filed an entry of appearance on the matter.

The Department filed a motion to dismiss, asserting the district court lacked jurisdiction under K.S.A. 75-6207(d). The Department also filed a motion for stay of preparation of the agency record. On October 23, 2024, the district court granted the motion requesting a stay of preparation of the agency record.

On October 31, 2024, Copeland filed his response to the Department's motions. Copeland asserts he filed the petition for judicial review naming the City as the responding party—not the agency—and jurisdiction was proper.

On January 30, 2025, Copeland filed a motion asking the district court to enter a decision without further delay. Later, on May 19, 2025, Copeland filed a motion to show cause for the district court's failure to issue a timely ruling.

On May 20, 2025, the district court issued an order dismissing Copeland's petition for judicial review, citing a lack of subject matter jurisdiction under K.S.A. 75-6207(d). The district court also found Copeland's petition failed to state a claim upon which relief could be granted under K.S.A. 60-212(b)(6).

ANALYSIS

The issue before us is whether the district court properly granted the Department's motion to dismiss based on a lack of subject matter jurisdiction or based on Copeland's petition's failure to state a claim upon which relief could be granted. Whether jurisdiction exists is a question of law, subject to our unlimited review. *City of Wichita v. Trotter,* 316 Kan. 310, 312, 514 P3d 1050 (2022). We need not address the issue of jurisdiction any further because the district court clearly had jurisdiction to address the controversy Copeland raised in his petition as a general jurisdiction court. We will now proceed to address the remaining question of whether Copeland's petition failed to state a claim upon which relief could be granted.

The proper parties to an action for judicial review of a setoff order are: "(1) The debtor; (2) the state agency . . . or municipality which requested assistance in collecting the debt or which certified the debt; and (3) any party the district court permits to intervene in the action." K.S.A. 75-6207(e). The Department and the Secretary of Administration are expressly forbidden as parties to such proceedings. K.S.A. 75-6207(d). As an appellate court, we "have no inherent appellate jurisdiction over official acts of administrative officials or boards except where the legislature has made some

4

statutory provision for judicial review." *Lakeview Village, Inc. v. Board of Johnson County Comm'rs*, 232 Kan. 711, 716, 659 P.2d 187 (1983).

Copeland filed a timely petition for judicial review pursuant to K.S.A. 77-601 et seq., that listed the City as the respondent. However, throughout the petition, Copeland named the Department as the party "acting on behalf of the City of Sedan," and the allegations in the petition for judicial review named the Department as the acting party. The City was never served as a party to this action and did not file an entry of appearance.

In response to the Department's motion to dismiss, the district court dismissed the action, finding it lacked subject matter jurisdiction under K.S.A. 75-6207(d) and Copeland failed to state a claim under K.S.A. 60-212(b)(6).

Although the Department did not appear in the original caption of the petition, Copeland intended for the Department to be a party to the petition. This is evidenced by the petition itself:  (1) Copeland claimed the Department was the party acting on behalf of the City; (2) the reasons asking the court to grant relief included only actions by the agency, which was the Department; and (3) the certificate of service listed the Department as the first party to be served.

We observe the only reasons Copeland listed for relief are his allegations against the Department, not the City. Because K.S.A. 75-6207(d) prohibits the Department from being a named party to the petition—and the only reasons given for granting relief are actions by the Department—Copeland failed to state a claim upon which relief could be granted. See K.S.A. 60-212(b)(6).

On appeal, Copeland now argues he had no intent to name the Department as a party, but the record shows he named and served only the Department as the party acting

on behalf of the City. We conclude Copeland's petition failed to state a claim upon which relief could be granted because Copeland named and only served the Department as the party acting on behalf of the City in violation of K.S.A. 75-6207(d). We find that dismissal was proper.

Affirmed.